```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION


WILLIAM D. BRYANT, JR.,
SUCCESSOR-IN-INTEREST TO
MARY ANNE BRYANT                                     PLAINTIFF


VS.                           CIVIL ACTION NO. 3:03CV250TSL-MTP


WYETH, INC., WYETH
PHARMACEUTICALS, AND
JOHN DOES 1-10                                      DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants Wyeth, Inc. and Wyeth Pharmaceuticals, Inc. (Wyeth) for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on statute of limitations grounds. Plaintiff William D. Bryant, Jr., successor-in-interest to Mary Anne Bryant, has responded to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that Wyeth's motion is well taken and should be granted.

Mary Anne Bryant was diagnosed with breast cancer on April 22, 1999. After undergoing a mastectomy of her right breast on June 3, 1999, followed by chemotherapy over a twelve-week period, Mrs. Bryant was and thereafter remained free of breast cancer. On December 18, 2002, Mrs. Bryant filed the present

action against Wyeth on various product liability theories, based on allegations that her breast cancer was caused by her use of Prempro, a hormone therapy medication manufactured, marketed and distributed by Wyeth.  The case, originally filed in state court, was removed by Wyeth to this court on the basis of diversity jurisdiction, shortly following which on August 28, 2003 it was transferred to the Multi-District Litigation (MDL) Docket No. 1507: <u>In re Prempro Products Liability Litigation</u> (In re Prempro) before District Judge William R. Wilson, Jr. of the Eastern District of Arkansas.  The case remained pending in the MDL until April 8, 2010, when it was remanded to this court.  Following remand from the MDL, Wyeth filed its present motion for summary judgment based on the statute of limitations.[1]

Plaintiff's claims are governed by the three-year statute of limitations in Mississippi Code Annotated § 15-1-49, which provides in pertinent part, as follows:

> (1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.
>
> (2) In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.

---

[1]  In late 2005, Mrs. Bryant developed a malignant lung tumor, and on April 12, 2006, at the age of 64, she died from an aneurysm in the lungs.  Upon her death, Mrs. Bryant's son, William Bryant, was substituted as plaintiff.

Miss. Code. Ann. § 15-1-49.  Wyeth argues that under § 15-1-49, as interpreted and applied by the Mississippi Supreme Court in <u>Angle v. Koppers, Inc.</u>, 42 So. 3d 1 (Miss. 2010), and <u>Lincoln Electric Co. v. McLemore</u>, 54 So. 3d 833 (Miss. 2010), and as recently applied by this court in <u>Hewitt v. Wyeth</u>, 5:03CV333TSL-MTP (S.D. Miss. July 7, 2011), Mrs. Bryant's cause of action accrued at the time of her breast cancer diagnosis in April 1999, so that her lawsuit, filed more than three years later in December 2002, is untimely.

In <u>Hewitt</u>, this court, addressing a similar motion by Wyeth, wrote:

> Recently, in <u>Angle v. Koppers, Inc.</u>, the Mississippi Supreme Court held that in accordance with the plain language of § 15-1-49(2), a cause of action for recovery on account of latent disease or injury "accrues upon discovery of the injury, not discovery of the injury and its cause." 42 So. 3d 1, 3 (Miss. 2010).  The plaintiff in <u>Angle</u> alleged various injuries, including breast cancer, as a result of exposure over a period of years to toxic chemicals released from railroad tank cars and trucks and from a wood-treatment facility near her residences.  The court found the statute of limitations began to run on the plaintiff's claim at the latest in 2001, the date she was last diagnosed with an injury or disease (which, as here, was breast cancer); and thus, her complaint, filed five years later, was untimely. The court wrote, "No provision of Section 15-1-49 provides that a plaintiff must have knowledge of the cause of the injury before the cause of action accrues, initiating the running of the statute of limitations." <u>Id.</u> at 7.
>
> Notably in <u>Angle</u>, the court referenced its earlier opinion in <u>Schiro v. American Tobacco Co.</u>, 611 So. 2d 962, 965 (Miss. 1992), as confusing the accrual issue by its comment, in dicta, that in 1981, the plaintiff "did not actually know that she had cancer, an injury

3

> connected with smoking.  Thus, even if she had brought
> suit at this point, the claim would have been
> premature." Angle, 42 So. 3d at 6 (quoting Schiro, 611
> So. 2d at 965 ).  The Angle court clarified that in
> Shiro, "the proper inquiry under the statute should have
> been the plaintiff's discovery of the injury or disease,
> i.e., a diagnosis of cancer, not the discovery of a
> causative relationship between smoking and the cancer."
> Angle, 42 So. 3d at 6.

Hewitt, slip op. at 3-4.  See also Lincoln Electric Co. V. McLemore, No. 2009-CA-00320-SCT (Miss. Dec. 9, 2010) ("As clarified in Angle, Section 15-1-49 does not require a plaintiff to know the cause of the injury before accrual of the cause of action[,]" and thus "[u]nder Angle, knowledge of the cause of an injury is irrelevant to the analysis [under §15-1-49(2)"); Barnes ex rel. Barnes v. Koppers, Inc., 534 F.3d 357, 361 (5th Cir. 2008) (pre-Angle toxic tort case finding that cause of action accrued upon breast cancer diagnosis, not upon discovery of alleged cause of such cancer, since "under § 15-1-49, a cause of action accrues when the plaintiff has knowledge of the injury, not knowledge of the injury and its cause.").  This court in Hewitt thus concluded that the plaintiff's claims for recovery based on the allegation that her cancer was caused by Wyeth-manufactured hormone therapy medications Prempro and Premarin, were time-barred since the plaintiff filed her lawsuit more than three years after her diagnosis with breast cancer.

In response to Wyeth's motion in the case at bar, plaintiff initially argues that Wyeth has waived its statute of limitations

4

defense by failing to timely pursue it. He acknowledges that Wyeth raised the affirmative defense of statute of limitations in its answer, but contends that since Wyeth thereafter actively engaged in the litigation process for over eight years before affirmatively filing its motion for summary judgment based on the statute of limitations, Wyeth waived this defense.

In support of his position, plaintiff cites several Mississippi Supreme Court cases which hold that "[a] defendant's failure to timely and reasonably raise and pursue the enforcement of any affirmative defenses or other affirmative matter or right which would serve to terminate or stay the litigation, coupled with active participation in the litigation process, will ordinarily serve as a waiver." Meadows v. Blake, 36 So. 3d 1225, 1232 (Miss. 2010) (quoting Mississippi Credit Center, Inc. v. Horton, 926 So. 2d. 167, 180 (Miss. 2006)). However, plaintiff's reliance on Mississippi case law on the subject of waiver is misplaced. "In a diversity action such as this, substantive state law determines what constitutes an affirmative defense. However, 'the Federal Rules of Civil Procedure provide the manner and time in which defenses are raised and when waiver occurs.'" Arismendez v. Nightingale Home Health Care, Inc., 493 F.3d 602, 610 (5th Cir. 2007) (citing Lucas v. United States, 807 F.2d 414, 417 (5th Cir. 1986), and quoting Morgan Guar. Trust Co. of New York v. Blum, 649

5

F.2d 342, 344 (5th Cir. Unit B 1981)).  The court in Arismendez went on to explain,

> Rule 8(c) of the Federal Rules of Civil Procedure "requires that an affirmative defense be set forth in a defendant's responsive pleading.  Failure to comply with this rule, usually results in a waiver." Lucas, 807 F.2d at 417.  "'Where the matter is raised in the trial court in a manner that does not result in unfair surprise, however, technical failure to comply precisely with Rule 8(c) is not fatal.'" Id. (quoting Allied Chem. Corp. v. Mackay, 695 F.2d 854, 855–56 (5th Cir. 1983)).  More specifically, a defendant does not waive an affirmative defense if it is raised at a "'pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond.'" Lucas, 807 F.2d at 418 (quoting Mackay, 695 F.2d at 856) (brackets in opinion).

Arismendez, 493 F.3d at 610.  "Central to requiring the pleading of affirmative defenses is the prevention of unfair surprise." Ingraham v. United States, 808 F.2d 1075, 1079 (5th Cir. 1987); see also Rogers v. McDorman, 521 F.3d 381, 385 (5th Cir. 2008) ("[A] defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense.") (quoting Ingraham v. United States, 808 F.2d 1075, 1079 (5th Cir. 1987)).  However, "when a plaintiff can adequately confront and defend against an affirmative defense, there is no undue prejudice." Theunissen v. GSI Group, 109 F. Supp. 2d 505, 509 (N.D. Miss. 2000).

In this case, Wyeth did raise its statute of limitations defense in its answer.  It now affirmatively seeks dismissal on the basis of the statute of limitations at a time well in advance of trial–which under the case management order is scheduled more

6

than a year from now–and plaintiff has not shown that any delay has adversely affected its ability to fully and adequately respond to the motion on the facts and the law.[2]  Under the circumstances, the court has no difficulty in concluding that Wyeth has raised the defense at a "pragmatically sufficient time," so that plaintiff is not prejudiced in his ability to respond.  See Theunissen, 109 F. Supp. 2d at 509 (finding that defendant raised statute of limitations defense at a pragmatically sufficient time to allow plaintiff to respond without prejudice where defense was presented by way of summary judgment before the scheduled trial of the case and plaintiff had fully responded to defendant's motion on the issue); Bonti v. Ford Motor Co., 898 F. Supp. 391, 395 (S.D. Miss. 1995) (finding no waiver where defendant presented issue of statute of limitations well before trial and plaintiff fully responded to summary judgment motion grounded on that issue); cf. Guthrie v. J.C. Penney Co., Inc., 803 F.2d 202, 210 (5th Cir. 1986) (approving amendment to raise limitations defense

---

[2]  Obviously, by the time Wyeth filed its summary judgment motion on limitations grounds, the case had been pending in the courts for a number of years.  The court notes, however, that during the vast majority of time the case has been in the courts, it was pending as one of more than a thousand cases in an MDL whose principal purpose was to address common issues regarding development of the hormone therapy medications at issue and knowledge of their properties through common discovery.  Once the case was remanded to this court and a case management order was entered, Wyeth undertook discovery relating to its limitations defense and promptly upon completing such discovery filed the present motion.

eleven days before trial because the plaintiff "ha[d] not shown that he suffered any prejudice because of the delay[,] since "the defense raised no new factual issues and the eleven days remaining before trial should have been enough to research the legal issues involved" and the prejudice to defendant had it been precluded from utilizing the statute of limitations outweighed any prejudice to plaintiff).[3]  The court therefore rejects plaintiff's waiver argument.

On the merits of the statute of limitations issue, plaintiff argues that the Mississippi Supreme Court in Angle did nothing to disturb the following recognized exceptions to the discovery rule, which were instead cited by the Angle court with approval:

> [T]he discovery exception of Section 15-1-49 is applicable "where the plaintiff will be precluded from discovering the harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question ... [or] the discovery exception may be applied

---

[3] The court recognizes that the fact that a defendant has asserted a defense in its answer will not necessarily be sufficient to avoid a finding of waiver.  See Vela v. City of Houston, 276 F.3d 659, 679 (5th Cir. 2001) (court "convinced that defendant abandoned limitations defense where it only "weakly asserted a possible limitations defense" in its answer but then omitted any mention of the defense in its amended answer and never reasserted the defense in the district court); Stephens v. C.I.T. Group/Equip. Fin., Inc., 955 F.2d 1023, 1026 (5th Cir. 1992) (finding that the defendant waived its limitations defense at the trial court level because "aside from urging a general statute of limitations defense in its answer, [the defendant] never mentioned limitations in the trial court proceedings").  In this case, however, Wyeth not only raised the defense in its answer but it also affirmatively pursued it by filing the present summary judgment motion.

8

>      when it is *unrealistic to expect a layman to perceive
>      the injury* at the time of the wrongful act".

Angle, 42 So. 3d at 7 (quoting Donald v. Amoco Prod. Co., 735 So. 2d 161, 166-168 (Miss. 1999) (emphasis in Angles).  Plaintiff submits that both of these exceptions are relevant here.  However, in Hewitt, the court rejected a similar argument, stating:

> Plaintiff's reliance on Donald v. Amoco Production Co.,
> 735 So. 2d 161 (Miss. 1999), to avoid dismissal is
> misplaced.  As described in Angle, the injury in Donald,
> contamination of the plaintiff's property with oil
> waste, was "'inherently undiscoverable,' and the cause
> of action had accrued upon discovery of the injury." Angle, 42 So. 3
> there was a question in Donald about whether the
> plaintiff knew he
> had been injured, since he was unaware of the
> radioactive nature of certain oil waste deposits buried
> on his property.  See Donald, 735 So. 2d at 168 (Miss.
> 1999)(noting that discovery rule of § 15-1-49 is
> applicable "where the plaintiff will be precluded from
> discovering the harm or injury because of the secretive
> or inherently undiscoverable nature of the wrongdoing in
> question ... [o]r, the discovery exception may be
> applied when it is unrealistic to expect a layman to
> perceive the injury at the time of the wrongful act")
> (emphasis added).  Here, unlike Donald, there is no
> question about when Hewitt learned of her injury.

Hewitt, slip op. at 5 n.3.

    Plaintiff further, and finally, argues that Wyeth's motion should be denied based on the doctrine of fraudulent concealment, as set forth in Mississippi Code Annotated § 15-1-67, which states:

> If a person liable to any personal action shall
> fraudulently conceal the cause of action from the
> knowledge of the person entitled thereto, the cause of
> action shall be deemed to have first accrued at, and not
> before, the time at which such fraud shall be, or with

9

>  reasonable diligence might have been, first known or discovered.

Miss. Code Ann. § 15-1-67.  See Robinson v. Cobb, 763 So. 2d 883, 887 (Miss. 2000) (holding that "[f]raudulent concealment of a cause of action tolls its statute of limitations").  Plaintiff submits fraudulent concealment tolling applies in this case because Mrs. Bryant did not discover that Prempro caused her breast cancer until the results of a Women's Health Initiative study were published in July 2002 reporting an increased risk of breast cancer from Prempro were published.[4]  Plaintiff argues that Mrs. Bryant was unable to discover the cause of her breast cancer earlier because Wyeth's labeling/package insert for Prempro "does nothing to illuminate the problems of combined estrogen and progestin hormone therapy, even though Wyeth had known for well over a decade that physicians had been prescribing the two strictly in combination for women with intact uteri."  Plaintiff thus concludes that "Wyeth concealed the true risks of breast cancer from the entire medical and scientific community, and they were certainly concealed from a layman like Mrs. Bryant."

Under Mississippi law, a plaintiff asserting fraudulent concealment as a basis for tolling the limitations period has "a

---

[4]   See *Risks and Benefits of Estrogen Plus Progestin in Healthy Postmenopausal Women*, 288 J. Am. Med. Ass'n. 321-33 (2002), available at http://jama.ama-assn.org/cgi/content/full/288/3/321.

two-fold obligation to demonstrate that (1) some affirmative act or conduct was done and prevented discovery of a claim, and (2) due diligence was performed on [her] part to discover it." Stephens v. Equitable Life Assurance Soc'y of the United States, 850 So. 2d 78, 84 (Miss. 2003).  The requirement of proof of an affirmative act refers not to proof of the act that gives rise to the claim but rather to a *subsequent* affirmative act of concealment.  See Liddell v. First Family Financial Servs., Inc., 146 Fed. Appx. 748, 751, 2005 WL 2044555, 2 (5th Cir. 2005) (highlighting that part of Mississippi fraudulent concealment doctrine requiring that affirmative acts of concealment must occur "after the transactions at issue"); Ross v. Citifinancial, Inc., 344 F.3d 458, 464 (5th Cir. 2003) ("Mississippi law is unambiguous: Plaintiffs must prove a subsequent affirmative act of fraudulent concealment to toll the limitations.").  Inadequacies in Wyeth's labeling which ultimately form the basis of plaintiff's claims for relief do not constitute subsequent affirmative acts of concealment.  Since there is no proof of fraudulent concealment, the running of the statute of limitations on plaintiff's causes of action was not tolled.[5]

---

[5]   Because plaintiff has not identified any subsequent affirmative act(s) of concealment as required by § 15-1-67, it is unnecessary to determine whether, by the exercise of due diligence, she could have discovered the fraud before limitations had run.  See Liddell v. First Family Financial Servs., Inc., 146 Fed. Appx. 748, 752 n.20, 2005 WL 2044555, 3 n.20 (5th Cir. 2005).

11

Based on the foregoing, it is ordered that Wyeth's motion for summary judgment is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 8th day of September, 2011.

                                    /s/ Tom S. Lee
                                    UNITED STATES DISTRICT JUDGE